Marvin RUSSELL, Petitioner,

v.

Howard L. BEYER, et al., Respondents.

Civ. No. 87–385 (AET).

United States District Court,
D. New Jersey.

Aug. 12, 1988.

———

Marvin Russell, Trenton, N.J., pro se.

Paul T. Koenig, Jr., Mercer County Prosecutor's Office, Trenton, N.J., for respondents.

## ON PETITION FOR WRIT OF HABEAS CORPUS

ANNE E. THOMPSON, District Judge.

Petitioner Marvin Russell, confined at New Jersey State Prison in Trenton, filed an amended petition for a writ of habeas corpus on November 13, 1987, pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in New Jersey Superior Court, Law Division, Mercer County, on May 4, 1983, of a fifteen-count indictment for conspiracy to escape and escape from prison. He also contests his sentence of an aggregate term of ninety years imprisonment with a forty-five year parole disqualifier to run consecutive to a term being served at the time of his escape. Russell's petition, amended by letter filed November 13, 1987, sets forth the following three grounds to attack the conviction and sentence: (1) that his rights under the United States Constitution, amendments V, VI, VIII, and XIV, were violated because he was shackled both during pre-trial proceedings and during the trial before the jury, resulting in prejudice; (2) that the jury finding of guilty on the charge of conspiracy is plain error, since there is no evidence supporting a finding of conspiracy; and (3) that the sentence imposed constitutes cruel and unusual punishment in violation of the eighth amendment to the Constitution of the United States.

28 U.S.C. § 2254 (b) and (c) state:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question raised.

To demonstrate compliance with the exhaustion requirements of § 2254, an applicant for habeas corpus relief must show that all the federal claims he asserts in the federal courts have been fairly presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Santana v. Fenton*, 685 F.2d 71, 73 (3rd Cir.1982), *cert. denied* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). A habeas corpus petitioner bears the burden of demonstrating that he has met the prerequisites for relief, including the ex-

haustion of state remedies. *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3rd Cir.1987).

After his Mercer County conviction and his sentencing on September 16, 1983, petitioner appealed to the Superior Court of New Jersey, Appellate Division, raising there the same three grounds raised here, including the sentence. On June 19, 1986, the Appellate Division affirmed the conviction, but remanded the case to the Superior Court, Law Division, Mercer County, for resentencing in accordance with *State v. Yarbough*, 100 N.J. 627, 498 A.2d 1239 (1985), with specific regard to the fashioning of consecutive or concurrent sentences. On remand, the trial judge affirmed petitioner's original sentence. That resentencing decision has not been appealed. A petition for certification to the New Jersey Supreme Court concerning the Appellate Division decision was filed on July 22, 1986, and was denied on October 2, 1986.

Because petitioner has not appealed his resentencing to the appropriate state courts, he has not exhausted his state court claims. A federal court may not consider the merits of any arguments in a habeas corpus petition unless the court concludes the petitioner has exhausted his state court remedies with respect to each claim. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1981); *Slotnick v. O'Lone*, 683 F.2d 60, 61 (3rd Cir.1982). Since Russell has not exhausted available state court remedies with respect to his claim concerning his sentencing, this court cannot entertain his petition for a writ of habeas corpus. Therefore, the petition will be dismissed without prejudice on grounds of failure to exhaust state remedies.

In addition, Mr. Russell, who received permission to proceed *in forma pauperis* on February 10, 1987, by order of United States Magistrate Wolfson, has also requested that the court appoint counsel for him, pursuant to 28 U.S.C. § 1915(d). Since the petition for habeas corpus relief is denied for failure to exhaust state court remedies, the court will also deny the request for appointment of counsel at this time.

It is therefore on this 8th day of August, 1988,

ORDERED that the amended petition for the writ of habeas corpus of Marvin Russell, filed on November 13, 1987, be and hereby is dismissed without prejudice, and without an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

It is also on this day

ORDERED that the petitioner's request for appointment of counsel be and hereby is denied.

This court certifies that there is no probable cause for appeal. No costs.