**Seymour Pincus SLOTNICK a/k/a Sino Pincus Slotnick**

v.

**Edward O'LONE, and The Attorney General of the State of New Jersey.**

**No. 81–2793.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
on June 16, 1982.

Decided June 28, 1982.

David A. Ruhnke, Asst. Federal Public Defender, D. N. J., Newark, N. J., for appellant.

Irwin I. Kimmelman, Atty. Gen. of N. J., Richard J. Hughes, Trenton, N. J., for appellee; Debra L. Stone, Deputy. Atty. Gen., Div. of Crim. Justice, Appellate Section, Trenton, N. J., of counsel.

Before ALDISERT, GIBBONS and HIGGINBOTHAM, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Circuit Judge.

This appeal from the denial of *habeas corpus* relief presents a petition which contains both claims exhausted in the state courts and claims not so exhausted. The Supreme Court's recent opinion in *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), dictates the dismissal of such a petition. Therefore we vacate the judgment of the district court and direct that the petition be dismissed.

In 1977, after a jury trial in the Superior Court of New Jersey, Seymour P. Slotnick was found guilty of a conspiracy to commit Medicaid fraud, 140 counts of Medicaid fraud and filing a false corporate franchise tax return. He was sentenced to an aggregate term of six to nine years, later reduced to five to seven years, and fined $75,000. An appeal to the Superior Court of New Jersey, Appellate Division, resulted in the affirmance of the conviction and sentence. Upon denial of his petition for certification by the New Jersey Supreme Court, Slotnick filed a petition for a writ of *habeas corpus* in the district court for the District of New Jersey.

Slotnick urged as grounds for *habeas corpus* relief that:[1] 1) the prosecutor's conduct at the state trial intimidated important defense witnesses from testifying and interfered with defendant's sixth and fourteenth amendment rights to present witnesses; 2)

---

**1.** Slotnick also requested an evidentiary hearing which was never held.

the trial court improperly permitted the prosecutor to comment during summation on the defense failure to call the allegedly intimidated witnesses; 3) the trial court erred in preventing defense counsel from cross-examining some state witnesses; and 4) the indictment was defective on its face. The district court found against Slotnick on all claims.[2] Slotnick asserts that the district court erred in its dismissal of grounds (1) and (2) above and in not holding an evidentiary hearing.

Slotnick's federal constitutional claim that the prosecutor improperly intimidated defense witnesses from testifying on his behalf was not presented at any stage in the state court proceedings. State remedies, therefore, were not exhausted with respect to that claim. Nor does the waiver by the state of the appellant's right to exhaust state remedies compel a different result. In *United States ex rel. Trantino v. Hatrack*, 563 F.2d 86, 96 (3d Cir. 1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978), we made clear that the state court interest which underlies the exhaustion requirement of 28 U.S.C. § 2254(b) cannot be conceded or waived by state prosecutors.

In *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) petitioner had filed a petition for *habeas corpus* in federal district court alleging four grounds for relief from a state court conviction. The district court determined that petitioner had not exhausted state remedies for two grounds alleged although he had exhausted such remedies with respect to the remaining two grounds. The *habeas* petition, therefore, asserted a mixture of exhausted and unexhausted claims. The district court refused to consider the unexhausted claims but did reach the merits of the exhausted claims. The Supreme Court determined that the federal policy "to protect the state

court's role in the enforcement of federal law and prevent disruption of state judicial proceedings," *id.* at ——, 102 S.Ct. at 1203, required that the entire *habeas* petition—including exhausted claims—be dismissed, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at ——, 102 S.Ct. at 1199. Such a result, the Court concluded, would not only satisfy concerns of comity, but also reduce piece-meal litigation and establish a more complete factual record to aid federal courts in their review. Moreover, the rule of dismissal would apply whether or not the exhausted and unexhausted claims were related, because the "dismissal of petitions containing both exhausted and unexhausted claims will relieve the district court of the difficult if not impossible task of deciding when claims are related, and will reduce the temptation to consider unexhausted claims."[3]

We are compelled by *Rose v. Lundy, supra*, to vacate the district court order denying the petition for a writ of *habeas corpus* and to remand the case to the district court with instructions to dismiss the petition in order to allow Slotnick either to exhaust his unexhausted claims through state proceedings or to delete them. The district judge cannot be faulted for failing to anticipate that decision, which is a change in the heretofore settled procedure of disposing of exhausted claims whenever presented. The district court will undoubtedly see Mr. Slotnick again, and so will we. As an intermediate appellate court, however, we are not free to consider whether the burdens imposed by the *Rose v. Lundy* rule will be commensurate with the benefits articulated in its support by the Supreme Court.

The judgment of the district court will be vacated and the case will be remanded for

---

2. The district court indicated in its final order that there was probable cause for appeal. 28 U.S.C. § 2253.

3. The conclusion and analysis referred to in the text were set forth in a plurality opinion of four Justices. Justices Marshall and Brennan, concurring in part and dissenting in part, joined the plurality, and therefore formed a majority, for the conclusion that a petition containing both exhausted and unexhausted claims must be dismissed *in toto*. Justices Marshall and Brennan disagreed with a part of the plurality opinion not here relevant.

the entry of an order consistent with this opinion.