Richard WOJTCZAK, F5977

v.

FULCOMER, Thomas, S.C.I. Huntingdon, Penna. and the Attorney General of the State of Penna. the District Attorney of Philadelphia County.

**Appeal of Richard WOJTCZAK.**

**No. 85–1384.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) May 22, 1986.

Decided Sept. 9, 1986.

Richard Wojtczak, Huntingdon, Pa., appellant, pro se.

Frances Gralnek Gerson, Donna G. Zucker, Asst. Dist. Attys., Gaele M. Barthold, Deputy Dist. Atty., Ronald D. Castille, Dist. Atty., Philadelphia, Pa., for appellees.

Before BECKER, and STAPLETON, Circuit Judges, and VAN DUSEN, Senior Circuit Judge.

### OPINION OF THE COURT

STAPLETON, Circuit Judge:

The petitioner, Richard Wojtczak, was convicted of rape and assault in the Court of Common Pleas of Philadelphia County. His conviction was affirmed by the Pennsylvania Superior Court. *Commonwealth v. Woftczak* [sic], 254 Pa.Super. 608, 387 A.2d 111 (1978). Wojtczak initially submitted a request for allocatur to the Pennsylvania Supreme Court, but subsequently withdrew his petition in June, 1978.

In June, 1982, Wojtczak, who remains incarcerated in a Pennsylvania prison, filed a petition in the Court of Common Pleas of Philadelphia County under Pennsylvania's Post Conviction Hearing Act, 42 Pa. C.S.A. §§ 9541–9551 ("PCHA"). During this proceeding, which is still pending, the court appointed at least five different attorneys to represent him.

In March, 1985, Wojtczak filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. Based on the pendency of Wojtczak's PCHA action, that court denied Wojtczak's habeas petition for failure to exhaust available state remedies. Wojtczak filed this timely appeal. We reverse.

Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. 28 U.S.C. §§ 2254(b), (c);[1] *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Wojtczak does not argue that he has done so.

However, inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable. When such delay has rendered the State remedy ineffective to protect the rights of the petitioner, we have excused exhaustion. *See Codispoti v. Howard,* 589 F.2d 135 (3d Cir.1978); *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 893 (3d Cir.1975); *United States ex rel. Senk v. Brierley,* 471 F.2d 657, 660 (3d Cir.1973).

In this case, thirty-three months passed between Wojtczak's PCHA filing and the filing of his federal habeas corpus petition in March, 1985. As of that federal filing Wojtczak's court appointed counsel had not yet secured a hearing on his petition in the Court of Common Pleas. Wojtczak alleged that this inordinate delay in processing his grievance had rendered the state corrective process "ineffective to protect the rights of the prisoner." Wojtczak further pointed out in his federal petition that, if the state proceedings continued at their current pace and he ultimately had to exhaust his appellate remedies, access to the federal courts could be delayed for many years.

The respondent argues that the delay in resolving Wojtczak's claim is attributable to the fact that he has had so many different attorneys representing him in the state proceeding and that this, in turn, is the result of Wojtczak's inability to cooperate with his lawyers. Wojtczak, on the other hand, maintains that the delay has resulted from the court's failure to appoint attorneys who are willing and able to move his

---

1. 28 U.S.C. §§ 2254(b) and (c) provide:

    (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

case forward and from its willingness to permit appointed counsel to withdraw at will.

The district court endorsed the respondent's position without holding a hearing to determine the causes of the delay. We agree with the district court that this explanation, if true, would excuse the lengthy delay. However, we have reviewed the record and find that it does not support the finding that the delay was attributable to Wojtczak.

The district court record consists almost entirely of the petition and numerous letters which passed between Wojtczak and his attorneys and between Wojtczak and the court. The respondent tendered nothing which tended to contradict the facts reflected in this correspondence. The following facts can be gleaned from this contemporary documentation.

The Philadelphia Court of Common Pleas, in August, 1982, appointed Attorney No. 1[2] to represent Wojtczak in his PCHA proceeding. [43a]. He withdrew from the case in February, 1983, without giving any explanation to Wojtczak. [44a, 46a]. Petitioner discovered that Attorney No. 1 had withdrawn only after the fact. [48a].

Attorney No. 2 was appointed in February, 1983. [45a]. He withdrew from the case at some point thereafter. Wojtczak learned of this withdrawal only after the fact and he was not told of the reason for this action. [46a, 48a].

Attorney No. 3 was appointed to represent Wojtczak in May or June of 1983. [53a]. In September, 1983, Wojtczak wrote to the Deputy Court Administrator for the Court of Common Pleas, stating that he had written Attorney No. 3 numerous letters without receiving any response. [46a]. In October, 1983, Attorney No. 3 wrote to the court. Although he referred to his assignment as burdensome because of the "magnitude of preparation which this matter requires, ... [he] did not intend to seek leave to withdraw." [56a]. By December

15, 1983, Wojtczak had still not heard from Attorney No. 3 and he wrote again to the Deputy Court Administrator with the same complaint. [51a].

As of January 1, 1984, over seven months after his appointment, Attorney No. 3 had still not filed the amended petition which he said was necessary. He was permitted to withdraw on January 5, 1984. [58a].

Attorney No. 4 was appointed in January, 1984. [59a]. He was permitted to withdraw in February, 1984. [60a]. Petitioner did not request that he withdraw from the case. [Petitioner's Objections to U.S. Magistrate's Report at 1].

Attorney No. 5 was appointed in March, 1984. [61a]. When five months had passed without any action being taken by Attorney No. 5, the court contacted her and threatened to dismiss her from the case. [62a–66a]. She was permitted to withdraw in September, 1984. [69a]. The record does not reflect whether new counsel was appointed between September of 1984 and March of 1985 when the federal habeas corpus petition was filed.

There is no doubt that the tone of certain of petitioner's correspondence with his court appointed attorneys and the state court administrators is, to use the Commonwealth's phrase, "quarrelsome." However, we see nothing in the record to indicate that petitioner was responsible for the delay. Indeed, on the present record it would appear that his irritation was understandable and justified.

In summary, Wojtczak has shown that, at the time of the filing of his federal habeas corpus petition, his PCHA petition had been before the Court of Common Pleas for over two and one-half years and no hearing had yet been held. Under these circumstances, if the respondent wished to rely on a failure to exhaust state remedies, we believe he had the burden of demonstrating why Wojtczak should be required

---

**2.** The attorneys appointed to represent Wojtczak are not parties to this proceeding and have had no opportunity to tender evidence concerning their representation of him. For this reason, this opinion does not make use of their names.

to continue to wait for the Pennsylvania court system to process his petition. *See Codispoti*, 589 F.2d at 142. The respondent has not met this burden. Indeed, the record suggests, not that this inexcusable delay can be laid at the feet of Wojtczak, but rather that it is attributable to disinterest on the part of court appointed counsel and to a failure on the part of the court to require them to provide minimally effective representation.

Wojtczak has now waited for over three and one-half years for a court to address his claim that his conviction is constitutionally infirm.[3] We conclude that he should be required to wait no longer and that the district court should entertain his petition on its merits. *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 893 (3d Cir. 1975). We will reverse and remand for that purpose.

3. We are advised by respondent that the Court of Common Pleas has appointed another attorney for Wojtczak but, in deference to his desire to litigate his habeas claims in federal court, has stayed the PCHA proceedings pending the disposition of the federal habeas corpus proceedings.