### Earl OLSACK, Petitioner,

v.

### Donald LEWIS, Superintendent and Edward F. Borden, M. Gerramano, Seth R. Belson, and Robert Del Tufo, Attorney General of the State of New Jersey, Respondents.

Civ. A. No. 93-3142 (JBS).

United States District Court,
D. New Jersey.

March 17, 1994.

Ann Marie Donio, Donio, Bertman, Grasso, Donio & Bertman, Hammonton, NJ, for petitioner.

Jack Weinberg, Camden County Prosecutor's Office, Camden, NJ, for respondents.

### OPINION

SIMANDLE, District Judge:

Petitioner, Earl Olsack, currently incarcerated in Riverfront State Prison, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed a motion to dismiss the petition for failure to exhaust state remedies and for failure to state a claim cognizable on habeas review. This motion raises the following issue: Should the requirement of exhaustion of remedies be waived where more than twelve months of delay in petitioner's post-conviction remedy hearing in state court is attributable to a succession of his state court-appointed counsel, where petitioner seeks to challenge the effectiveness of trial and appellate counsel? This issue is compounded by the fact that it arises in a context where the petitioner had made previous efforts to raise his ineffective assistance of trial counsel claim on direct appeal from his conviction, but state court-appointed appellate counsel failed to advance that claim on petitioner's behalf.

For the reasons which follow, the court will grant respondents' motion because petitioner has failed to exhaust his available state remedies.

### Factual and Procedural Background

On August 31, 1990, petitioner was convicted of possession of a controlled dangerous substance under N.J.S.A. § 2C:35-10a(1) in the Superior Court, Camden County, New

Jersey. He was sentenced to a term of imprisonment of seven years, with a period of parole ineligibility of three and one-half years, which is about to expire.

Petitioner brings his case to the attention of the federal court on a petition for a writ of habeas corpus because of frustration with the state legal system and the succession of state-appointed counsel. It is alleged that the state-appointed public defender who represented petitioner at trial was ineffective for several reasons, the most serious of which regards counsel's alleged failure to strike a juror who lived in petitioner's neighborhood and knew petitioner, and who is alleged to have been personally familiar with petitioner's previous drug use and drug distribution activities. Petitioner alleges that he informed the public defender of these facts, but that his attorney failed to strike the juror, opining that the case would be won regardless of the presence of this individual on the jury. Petitioner did not address the court himself until sentencing, at which time he was given an opportunity to speak, and at which time he brought the matter to the attention of the trial judge. The trial judge refused to entertain this objection because it had not been raised at trial.

Petitioner also brings other complaints about the conduct of his trial attorney to this court's attention on the instant petition. He states that, despite repeated assurances of his trial attorney that a suppression motion would be made before trial, no such motion was ever made. In addition, petitioner informs this court that an individual who was a friend of one of the jurors was present in the courtroom during an oral argument during which the prosecutor made a proffer of the testimony of a rebuttal witness who was ultimately not permitted to testify. Petitioner fears that excluded evidence might have been communicated with the juror, as the trial judge did not specifically address the individual's presence in the courtroom until the following day.

Petitioner's letter to his attorney, a copy of which was forwarded to the trial judge, specifically requested that counsel file a motion for a mistrial on the three grounds previously discussed. It does not appear from the record presented that such a motion was made.

On petitioner's appeal to the Appellate Division, a new public defender was assigned to represent petitioner. This public defender raised only two grounds for relief in the appellate court: (1) the trial court erred in denying the defense's objection to the officer's opinion testimony; and (2) the sentence imposed on petitioner is excessive for conviction of the crime of possession of CDS. However, petitioner requested, in a handwritten letter to his appeal counsel, that his attorney raise the three items discussed above pertaining to his claim of ineffective assistance of trial counsel in his appeal. Petitioner's appeal attorney failed to raise these issues in a formal brief, opting instead to attach a cover sheet entitled "Pro Se Brief on Behalf of Defendant–Appellant" to the handwritten letter forwarded to him by petitioner and forwarding same to the court. Not surprisingly, the *per curiam* Opinion issued by the Appellate Division made no reference to the grounds for appeal raised in the letter from petitioner to counsel, and petitioner's conviction was affirmed after consideration of the two grounds raised by petitioner's counsel in his brief. It appears from the record that no petition for certification was filed in the Supreme Court of New Jersey.

The failure of the state-appointed attorneys to pursue petitioner's claims concerning the presence of an acquaintance on petitioner's jury, the presence in the courtroom of a friend of a juror, and the matter of a suppression hearing in the state courts apparently continues to this day. On March 24, 1993, petitioner filed a *pro se* petition for post-conviction relief in the Superior Court, Camden County. On April 19, 1993, petitioner was informed that Seth R. Belson, Esquire, of the Gloucester County Public Defender's Office, was appointed to represent petitioner in that action. On April 30, 1993, petitioner wrote to Mr. Belson requesting that the case be expedited, and that the originally-submitted petition be amended to raise certain of the issues discussed herein. No response was ever received from Mr. Belson. On May 13, 1993, petitioner wrote to the Honorable Isaiah Steinberg, Assign-

ment Judge of the Superior Court, to complain that petitioner's assigned attorney was not responding to petitioner's correspondence. In addition, petitioner states that he has placed calls to Robert Lipscher, Administrative Director of the Courts, between May 13, 1993 and July 10, 1993, to no avail.

By letter dated November 23, 1993, petitioner received notification that the deputy public defender had assigned a new attorney to represent him in the post-conviction proceeding, and on December 5, 1993 petitioner wrote the substituted attorney to again request amendment of the post-conviction relief petition. Certif. of Ann Marie Donio, Esquire ¶¶ 4–5. As of March 4, 1994, substituted counsel had not yet met with petitioner to discuss the case. *Id.* ¶ 12. It appears that the hearing on the post-conviction petition has been scheduled on multiple occasions, and that multiple continuances have been granted upon the request of counsel for petitioner for reasons allegedly unknown to petitioner. *Id.* ¶¶ 9–10. Presently, that hearing is scheduled for April 26, 1994. *Id.* ¶ 12. The upshot is that petitioner's application for post-conviction relief has been sitting dormant in the state court for approximately one year despite petitioner's apparently diligent efforts on his own behalf.

On July 15, 1993, petitioner filed the instant petition for a writ of habeas corpus. Petitioner, proceeding *pro se* at the time of filing, framed certain of the grounds for relief in his habeas corpus petition as based upon the *fact* of the inaction of the respondents in the state court post-conviction proceedings. Thus, Ground One and Ground Two read:

> Because of the Actions and Inactions, Practices and Policies of the Respondents, Not to Respond Properly to My Petition for Post–Conviction Relief, I am Being Denied Meaningful Access to the Courts For Redress of My Grievances, In Violation of the First and Fourteenth Amendments to the Constitution of the United States.
>
> Respondents are Deliberately Denying Me Access to the Courts, Which is Causing Undue and Unnecessary Prolonged Imprisonment, In Violation of the Eighth Amendment to the Constitution of the United States.

Ground Three of petitioner's petition, on the other hand, raises the three substantive issues petitioner is attempting to raise by way of his state court petition for post-conviction relief:

> Because the State Has Created a Procedural Default to My Detriment and No Real Way Exists to Insure Strict Compliance to the Rules Governing the Proper Procedures in Relation to Petitions for Post–Conviction Relief, Which Would Otherwise Provide Me with Meaningful Access to the Courts, This Court Should Intervene to Protect My Rights and Hear The Federal Claims Presented In the State Court Petition for Post–Conviction Relief.

In lieu of filing an answer to the instant petition, respondents have moved to dismiss petitioner's claims primarily for failure to exhaust state remedies and secondly for failure to state a claim cognizable on habeas review. By Order dated January 24, 1994, this court appointed Ann Marie Donio, Esquire, as counsel to represent petitioner on his habeas petition. Counsel has since filed a brief in opposition to respondents' motion to dismiss, and the court will proceed to address the motion.

### Discussion

■ Respondents focus their motion to dismiss on the argument that the instant petition may not be entertained on the merits because the claims have not been properly exhausted.[1] They correctly state that before

1. The instant discussion of exhaustion relates to Ground Three of the petition; exhaustion of that claim must be examined at the outset because the presence of even one unexhausted claim requires dismissal of the entire petition. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The claims presented in Grounds One and Two of petitioner's habeas petition are not the types of claims which could fairly be subjected to the exhaustion requirement. Indeed, as respondents submit in their brief, it is unclear whether claims requesting a habeas court to grant relief based upon deficiencies in state post-conviction proceedings state claims which are of a type independently cognizable on habeas review. *See, e.g., Franzen v. Brinkman,* 877 F.2d 26 (9th Cir.), *cert. denied sub nom., Franzen v. Deeds,* 493 U.S.

habeas relief may be granted, a petitioner must exhaust available remedies in the courts of the state in which he was convicted. This mandate is explicitly prescribed in 28 U.S.C. § 2254(b),[2] and is well-grounded in over a century of case law. *See, e.g., Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Ex parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944); *Irvin v. Dowd,* 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The exhaustion requirement advances the federal policy of " 'protecting the state court's role in the enforcement of federal law and preventing disruption of state judicial proceedings.' " *Slotnick v. O'Lone,* 683 F.2d 60, 61 (3d Cir.1982), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447 (1983) (quoting *Rose,* 455 U.S. at 518, 102 S.Ct. at 1203). Thus, exhaustion enhances comity between the federal and state judiciaries, while reducing piecemeal litigation. *See Slotnick,* 683 F.2d at 61.

In order to ensure exhaustion of claims raised in a petition for habeas relief, the petitioner must demonstrate that the state's highest court has had a fair opportunity to address the substance of the claims. *See, e.g., Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). As stated, if any one of the claims presented to the federal court was not fairly

presented to the state's highest court, the entire petition will be dismissed. *Rose,* 455 U.S. at 510, 102 S.Ct. at 1199.

The exhaustion requirement, which is based on considerations of judicial comity rather than considerations of jurisdiction, is not without exceptions. If petitioner can show that there are special circumstances which require this court to review his petition notwithstanding his failure to exhaust state remedies, this court may entertain the merits of his petition:

> Section 2254(b) codifies both the exhaustion doctrine and the "special circumstances" exception to the doctrine: *"Ex Parte Hawk* prescribes only what should 'ordinarily' be the proper procedure; all the cited cases from *Ex Parte Royall* to *Hawk* recognize that much cannot be foreseen, and that 'special circumstances' justify departure from rules designed to regulate the usual case. The exceptions are few but they do exist. Other situations may develop. Congress has now made statutory allowance for exceptions such as these, leaving federal courts free to grant habeas corpus when there exist 'circumstances rendering such [state] process ineffective to protect the rights of the prisoner.' "

*Landano v. Rafferty,* 897 F.2d 661, 674 n. 21 (3d Cir.), *cert. denied,* 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990) (quoting *Darr v.*

---

1012, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989). The Third Circuit has not squarely addressed this question, although the recent decision in *Heiser v. Ryan,* 15 F.3d 299 (3d Cir.1994) *("Heiser II ")* opines in dicta that if a delay by the state courts reached the level of a due process violation, petitioner's relief would be in a suit for damages under 42 U.S.C. § 1983 rather than release via a writ of habeas corpus. *Id.,* at 307. *But see Dickerson v. Walsh,* 750 F.2d 150 (1st Cir.1984); *Jackson v. Duckworth,* 844 F.Supp. 460, (N.D.Ind.1994) (citing cases) (rejecting *Franzen* and holding delay in state court post-conviction proceedings states cognizable due process claim on a writ of habeas corpus).

Although respondents might prove correct to argue the non-cognizability of petitioner's claims on habeas corpus insofar as that argument pertains to Grounds One and Two of the petition, respondents cannot successfully argue that no claim is stated on Ground Three of the petition by relying on cases which hold that deficiencies in state post-conviction relief proceedings cannot

be addressed in a request for habeas corpus relief. Ground Three goes to the merits of petitioner's ineffective assistance of counsel claims and is separate and distinct from the issues presented by the failure of respondents to process petitioner's post-conviction relief petition, except insofar as the facts related to the post-conviction petition's procedural history serve to support petitioner's argument that he should be excused from the requirement of presenting his substantive claims to the highest court of the state.

**2.** Title 28 U.S.C. 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Burford,* 339 U.S. 200, 210, 70 S.Ct. 587, 593, 94 L.Ed. 761 (1950)) (overruled in other respects by *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)). This court must therefore assess whether the circumstances presented indicate an absence of available corrective state procedures or whether existing circumstances render available state procedures ineffective to protect petitioner's rights. *See Landano,* 897 F.2d at 674–75.

Petitioner directs the court to the closest case on point, *Wojtczak v. Fulcomer,* 800 F.2d 353 (3d Cir.1986), in which the Third Circuit held that the exhaustion requirement was excused because state remedies were unavailable. Petitioner had attempted to present his ineffective assistance claims to the state courts on post-conviction review, but was frustrated in his attempt to adjudicate his claims in state court; thirty-three months had passed without action on his state petition at the time the habeas petition was filed. In the interim, at least five different attorneys had been appointed to represent petitioner on post-conviction review, none of whom had successfully advanced the litigation on petitioner's behalf. The court concluded that the petitioner, who was not personally responsible for any portion of the delay, "should be required to wait no longer," and reversed and remanded so that the district court could address the merits of the petition. *Id.* at 356.

Similarly, in *Heiser v. Ryan,* 951 F.2d 559 (3d Cir.1991) ("*Heiser I*"), the court affirmed the district court's determination that exhaustion should be excused because of inordinate delay by the state court. The facts were extreme, the petitioner having waited eleven and one-half years for a Pennsylvania state court to hear his motion to withdraw a guilty plea, and the petitioner further having waited four years for a hearing or ruling by the state courts on his petition for post-conviction relief raising the questions of the voluntariness of the guilty plea and ineffec-

tive assistance of counsel. Exhaustion was also deemed futile and thus waived in *Moore v. Deputy Commissioner(s) of SCI–Huntingdon,* 946 F.2d 236 (3d Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1509, 117 L.Ed.2d 647 (1992), where petitioner's application for post-conviction relief had been pending in state court for three years.

■ The question presented on the instant petition is whether the delay which has inhered to date is inordinate such that exhaustion should be excused. Petitioner argues that in *Wojtczak,* the Third Circuit did not embrace a rule that a delay of less than thirty-three months would, as a matter of law, preclude the court from excusing a habeas petitioner from the exhaustion requirement. Under the circumstances presented (petitioner's sentence is seven years, with a period of parole ineligibility of three and one-half years), petitioner urges that a one year delay in the processing of the state petition is not insubstantial, especially where petitioner has already served the parole-ineligible portion of his sentence.

Petitioner is correct to argue that *Wojtczak* does not foreclose the possibility that a delay of less than 33 months could suffice to excuse a state prisoner from the exhaustion requirement. Indeed, that decision offers little guidance on the question of what quantum of delay is necessary before the court may relieve a petitioner from having to present his habeas claims to the state courts in the first instance. That, in a nutshell, is the problem presented herein.

As the discussion of the case background should indicate, the court is disturbed by the failure of state court-appointed counsel to timely advance petitioners' claims, certain of which, at least on their face, raise important allegations concerning the competence of trial counsel. Nonetheless, the court concludes that the state system must be given an additional opportunity to hear the claims.[3] Al-

---

3. At present, the petition for post-conviction relief raises the issue of ineffective assistance of trial and appellate counsel but only specifically references one of the three complaints presented in the instant habeas petition—namely, the failure of trial counsel to move for a suppression hearing. Petitioner's efforts to have court-ap-

pointed counsel amend the post-conviction relief petition on his behalf so as to raise the additional issues concerning trial counsel's failure to move to strike the acquaintance of petitioner from the jury and the presence of a friend of a juror in the courtroom have apparently been unsuccessful to date. However, this court cannot conclude that

though a one-year delay is more than insubstantial, particularly under the circumstances presented, considerations of judicial comity and federalism counsel against giving the state system less than a full opportunity to address the post-conviction petition. Only delay which is "inordinate" justifies the court's interference with the state court's obligation to address, in the first instance, claims attacking a conviction procured in the state trial court. As it stands, a hearing is scheduled in the state court for April 26, 1994; the troubling history of this case notwithstanding, the court will not presume that this hearing will be substantially delayed. There is no just cause at this time to assume that plaintiff's post-conviction remedy in the state courts will not be adequately pursued and seasonably adjudicated.

Thus, the court concludes that at the present juncture the petition must be dismissed for failure to exhaust state remedies. This dismissal is without prejudice to petitioner's right to renew his petition if future events warrant such action. Certainly petitioner is entitled to renew his application after his claims are exhausted if it turns out that the state courts deny the relief requested. Additionally, if further substantial delay in the post-conviction review process ensues, petitioner may renew his claims in this court prior to exhausting his state remedies, and the court will assess at that time whether it would be appropriate to excuse petitioner from the exhaustion requirement and entertain the merits of the renewed petition. For now, however, the court concludes that it would be premature to hear petitioner's claims.

*Conclusion*

For the reasons stated herein, the court will grant respondents' motion to dismiss petitioner's application for a writ of habeas corpus on the ground that the petition contains at least one unexhausted claim. The petition will be dismissed without prejudice to petitioner's right to renew his application either upon exhaustion of state remedies or prior to exhaustion of state remedies if the state post-conviction relief process encounters further substantial delays.

An appropriate Order follows.

*ORDER*

This matter having come before the court upon the application of petitioner, Earl Olsack, for a writ of habeas corpus, and upon the motion of respondents to dismiss petitioner's application for failure to exhaust state remedies; and the court having reviewed the submissions of the parties; for the reasons stated in the Opinion of today's date;

IT IS this 17th day of March, 1994 hereby

ORDERED that respondents' motion to dismiss is granted; and it is

FURTHER ORDERED that petitioner's application for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

the state court would refuse to permit amendment at this stage.

The court is optimistic that substituted post-conviction relief counsel will work diligently from this point forward to obtain leave to amend the petition in order to present any of petitioner's ineffective assistance of counsel claims which counsel concludes, after meeting with petitioner and discussing the events which transpired at trial, are not frivolous. The court does not reach the question of whether the ineffective assistance of counsel claims not yet asserted in the post-conviction petition would be deemed barred by this court due to state procedural default if the state courts do not permit amendment, because the court will not presume that the state courts would find the amendment to be barred under state procedural law in light of petitioner's diligence on his own behalf in attempting to secure timely amendment. *See Toulson v. Beyer*, 987 F.2d 984, 988–99 (3d Cir.1993) (court must not presume claims procedurally barred and excuse exhaustion on that ground, where no state court has addressed the claim and found the claim procedurally barred, and where court on habeas review is uncertain as to how the state courts would resolve the procedural default issue).