30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard J. AYERS, Petitioner-Appellant,
v.
Edward EVANS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6407.
 United States Court of Appeals, Tenth Circuit.
 July 25, 1994.
 
 Before LOGAN, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's order of November 11, 1993, dismissing petitioner's habeas petition for failure to exhaust his state remedies. Petitioner contends that, pursuant to our opinion in Harris v. Champion, 15 F.3d 1538 (10th Cir.1994), the district court should have excused petitioner's failure to exhaust his state remedies. We disagree, and affirm the district court's dismissal of petitioner's habeas action.
 
 
 3
 Petitioner was sentenced in Oklahoma state court on November 9, 1992. The trial court appointed the Oklahoma Indigent Defense System (OIDS) to represent petitioner on appeal. When the OIDS discovered that trial counsel had not filed a notice of appeal on petitioner's behalf, it sought leave from the Oklahoma Court of Criminal Appeals to file an appeal out of time. The Oklahoma court granted petitioner leave to take an untimely appeal on September 3, 1993.
 
 
 4
 Without waiting for his direct criminal appeal to proceed, petitioner filed a habeas petition in federal court on October 18, 1993, challenging his conviction on the grounds that he was deprived of effective assistance of counsel at trial and was denied a bifurcated trial on the charge of burglary after conviction of a felony. Based upon the magistrate judge's recommendation, the district court dismissed petitioner's federal habeas action on the ground that he had not yet exhausted his state remedies.
 
 
 5
 A threshold question that must be addressed in every habeas case is that of exhaustion. Federal habeas relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. 2245(b).
 
 
 6
 Harris, 15 F.3d at 1554. " '[I]nexcusable or inordinate delay by the state in processing claims for relief' may make the state process ineffective to protect the petitioner's rights and excuse exhaustion." Id. at 1555 (quoting Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986)). Thus, we have held that "delay in adjudicating a direct criminal appeal beyond two years from the filing of the notice of appeal gives rise to a presumption that the state appellate process is ineffective." Id. at 1556.
 
 
 7
 Here, less than two years have passed since petitioner was sentenced, and less than one year has passed since petitioner was granted an appeal out of time. Though petitioner was delayed in instituting an appeal, we have no reason to believe that the state process, now begun, will not provide him with an effective remedy. Therefore, absent a future delay that warrants excusing exhaustion, petitioner must exhaust his state remedies before seeking habeas relief in federal court.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470