46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Keith WARD, Petitioner-Appellant,
v.
Franklin E. FREEMAN, Jr.; Michael Easley, Respondents-Appellees.
 No. 94-6424.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided February 8, 1995.
 
 Paul McAllister Green, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellant. Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Keith Ward appeals the district court's summary dismissal of his 28 U.S.C. Sec. 2254 (1988) petition for failure to exhaust state remedies. Because we find that those remedies are ineffective, we vacate the district court's dismissal order and remand for consideration of his habeas petition notwithstanding his failure to exhaust.
 
 
 2
 * Keith Ward was convicted of robbery with a dangerous weapon in January 1979. He appealed his conviction to the North Carolina Court of Appeals, but the attorney appointed to perfect his appeal died after the appointment and before the appeal was perfected. Although another attorney was appointed to perfect his appeal, his appeal was not perfected, and was consequently dismissed on October 22, 1979. The court-appointed attorney never contacted Ward. In 1986, Ward contacted the North Carolina Prisoner Legal Services, Inc. (NCPLS). At that time, NCPLS did not provide representation in post-conviction matters. However, Ward contacted NCPLS again on September 9, 1991, at which time they were providing post-conviction representation.
 
 
 3
 On October 7, 1993, NCPLS counsel filed a Motion for Appropriate Relief in the Superior Court, alleging ineffective assistance of counsel and denial of appellate review. The motion was denied with respect to the request that the conviction be vacated and denied without prejudice with respect to the request for reinstatement of the appeal. The North Carolina Court of Appeals denied certiorari review of the denial of the Motion for Appropriate Relief, but granted appellate review of his 1979 conviction and ordered the trial court to perfect Ward's original appeal. The appeal from his conviction was deemed taken as of the date of the court's order, February 9, 1994.
 
 II
 
 4
 Ward filed this habeas petition in the district court alleging that he was denied: (1) effective assistance of counsel; (2) a speedy appeal; and (3) appellate review. The district court dismissed Ward's petition as frivolous because he failed to exhaust his state remedies. Ward appealed. He filed in this Court a Motion for Expedited Disposition Without Oral Argument and a Motion for Recognizance Release.
 
 
 5
 Although Ward's case is currently on direct appeal in the North Carolina Court of Appeals, it was deemed taken fifteen years after his conviction. Ward claims that meaningful appellate review is no longer possible and requests that his conviction be vacated. He contends that there is no available avenue in the state courts to pursue his claim that the delay in his appeal requires a reversal of his conviction.
 
 
 6
 Absent valid excuse, a habeas petitioner must first present his claims to state courts. 28 U.S.C. Sec. 2254(b). A petitioner need not present his claim to the state courts if state court remedies are ineffective to protective his rights. Id. State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. Mathis v. Hood, 851 F.2d 612 (2d Cir.1988) (six year delay); Burkett v. Cunningham, 826 F.2d 1208 (3d Cir.1987) (five and one half year delay); Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir.1986) (thirty-three month delay); see generally Patterson v. Leeke, 556 F.2d 1168 (4th Cir.), cert. denied, 434 U.S. 929 (1977). Furthermore, "undue delay in processing an appeal may rise to the level of a due process violation." United States v. Johnson, 732 F.2d 379, 381 (4th Cir.1984). In determining whether the delay amounts to a due process violation, the four factor speedy trial analysis set forth in Barker v. Wingo, 407 U.S. 514 (1972), applies. Id. The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. Id. The fifteen year delay in Ward's appeal was due to delays by counsel and the courts. Further, Ward persistently asserted his rights, both to the courts and to court-appointed counsel, and ultimately to NCPLS. Finally, he has been prejudiced by the destruction of the court reporter's notes, and possibly by loss of evidence and witnesses' memories; additionally, requiring him to exhaust his state remedies would result in further prejudicial delay.
 
 
 7
 The remedy for the violation of Ward's due process is to remand the case to the district court with instructions to consider the petition on its merits. Mathis, 851 F.2d at 614-15 (remanding case to district court to address merits of petitioner's due process claim because available state remedies were ineffective due to extraordinary delays which infect state court); Wojtczak, 800 F.2d at 354-56 (excusing exhaustion of petitioner's available state remedies because of thirty-three month delay between petitioner's filing for state post-conviction relief and his federal habeas filing, where, although there had been five different attorneys appointed to represent him, the record did not indicate that petitioner was responsible for the delay); Burkett, 826 F.2d at 1222 (stating that normal remedy for a due process violation is not discharge, but the court should attempt to counteract any resulting prejudice demonstrated by petitioner). In addition, Ward's federal petition is not rendered moot by the grant of a belated appeal to the North Carolina Court of Appeals. Mathis, 851 F.2d at 614.
 
 III
 
 8
 Therefore, we grant a certificate of probable cause to appeal and grant the motion for an expedited disposition without oral argument. We remand the case to the district court for consideration of the merits of Ward's petition. We deny Appellees' motion to supplement the record; such a motion must be presented to the district court in the first instance under I.O.P. 10.4. We grant Ward's motion to file a supplemental brief and deny Appellee's motion to strike that brief. Additionally, we deny Ward's motion for recognizance release.
 
 
 9
 VACATED AND REMANDED.