**Raheem TAYLOR, Appellant**

v.

**State of NEW JERSEY; Honorable Edwin H. Stern, Presiding Judge for Administrator; Philip S. Carchman, Court Administrator; John M. Chacko, Clerk for Appellate Division; Yvonne Smith Segars, Public Defender.**

No. 08–2774.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 23, 2010.

Filed: March 24, 2010.

Diana Stavroulakis, Esq., Pittsburgh, PA, for Appellant.

Before: SMITH, FISHER and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Raheem Taylor, a prisoner in New Jersey proceeding *pro se*, appeals the District Court decision dismissing his petition under 28 U.S.C. § 2254 for failure to exhaust his claims in state court. For the reasons that follow, we will affirm.

### I.

In February 2007, Taylor was convicted in Superior Court, Burlington County, of second-degree robbery. He received a sentence of five years' imprisonment. Taylor was represented by a public defender at trial and, after his conviction, requested that his attorney file a notice of appeal.

Although the notice of appeal was due before the end of April 2007, Taylor's attorney failed to comply with his request. Taylor claimed that he made repeated attempts to contact his public defender, but received no response. In May 2007, Taylor sent several letters to the Clerk of the Superior Court, Appellate Division, complaining of his lawyer's delay and seeking assistance. The Clerk provided Taylor with paperwork to proceed *pro se* and to file an appeal *nunc pro tunc*. Taylor sent the paperwork back, but the Clerk did not file it, presumably because the court accepted a late notice of appeal filed at the end of May by the public defender.

Thereafter, Taylor claimed, he continued his attempts to contact the public defender in furtherance of his appeal, but received no response. In September 2007, Taylor informed his attorney and the Appellate Division that he wished to proceed *pro se*. He then directed the Public Defender's Office to order the transcripts he needed for his appeal. After a series of back-and-forth communications between Taylor, the Appellate Division Clerk's Office, and the Public Defender's Office, his motion was finally granted on May 28, 2008, pending a hearing.

While the motion to proceed *pro se* was pending, Taylor filed in the District Court a petition under 28 U.S.C. § 2254. Taylor argued that the delay in his state court proceedings—which stemmed from allegedly inadequate performance on the part of his public defender, unnecessary obstacles imposed by the Appellate Division Clerk's Office, and a backlog in the Appellate Division that would result in disposition of his appeal being further prolonged—amounted to a deprivation of his right to due process. The District Court dismissed the petition without prejudice because Taylor had not first exhausted available state court remedies. Taylor filed a notice of appeal, and we granted a certificate of appealability on the question whether the District Court should have

excused exhaustion as a result of inordinate delay.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's denial of a § 2254 petition when it did not conduct an evidentiary hearing. *See Thomas v. Carroll,* 581 F.3d 118, 123–24 (3d Cir.2009). Generally, a District Court may not entertain a § 2254 petition unless the applicant has exhausted all available state remedies. *See* § 2254(b)(1)(A). However, exhaustion may be excused if state remedies are absent or too ineffective to protect the applicant's rights. *See* § 2254(b)(1)(B). Thus, although the exhaustion requirement exists as a matter of comity, *see Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that principle "weighs less heavily [when] the state has had an ample opportunity to pass upon the matter and has failed to sufficiently explain its ... delay," and exhaustion may be excused. *Hankins v. Fulcomer,* 941 F.2d 246, 250 (3d Cir.1991); *see also Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986).

Whether a delay is sufficiently "inordinate" to excuse exhaustion depends on the conduct of the appellant, interference by the state in the timely disposition of the matter, the progress made in state court, and the length of the delay. *See Lee v. Stickman,* 357 F.3d 338, 341–44 (3d Cir. 2004). It appears that Taylor diligently attempted to have his public defender pursue his appeal and, when that approach proved unavailing, took it upon himself to do so. Despite his efforts, however, Taylor encountered some notable delays: the Clerk of the Appellate Division apparently provided conflicting information about what Taylor needed to do to proceed with his appeal; the public defender ordered incorrect transcripts and, when informed about the mistake, failed to promptly order the correct transcripts; and Taylor's motion to proceed *pro se,* followed by a waiver of counsel hearing, took nearly six months to adjudicate. In total, about fifteen months elapsed from the time Taylor was sentenced (at which time he presumably decided to appeal) until he filed his § 2254 petition in the District Court.

We conclude, however, that the fifteen-month delay Taylor endured, although unfortunate, was not so egregious as to require excusing exhaustion. Much of the delay in this case was the result of apparent miscommunication and, arguably, a lack of diligent effort on the part of Taylor's former attorneys to provide him with the transcripts he requested. On the other hand, Taylor has also prolonged the duration of his appeal by requesting several extensions of the briefing schedule— which was first issued in 2008—so he could obtain these transcripts. Moreover, it appears that the Appellate Division has made efforts to further Taylor's case—in particular, making efforts to ensure that Taylor receives the transcripts he claims are necessary to prepare his brief. We also take judicial notice that, as recently as December 2009, the Appellate Division granted yet another motion by Taylor to extend his time to file a brief and crafted a solution to Taylor's allegation that portions of his transcript remain missing.[1] In short, though he has certainly endured a delay, Taylor has not experienced the type of delay that warrants excusing the § 2254 exhaustion requirement. *See, e.g., Lee,* 357 F.3d at 341–44 (excusing exhaustion

---

1. Specifically, the Appellate Division instructed Taylor to file with his brief a certification averring the content of any missing transcript, its relevance, and the impact of its non-production.

after 8–year delay caused by administrative mistakes); *Moore v. Deputy Comm'r of SCI–Huntingdon,* 946 F.2d 236, 242–43 (3d Cir.1991) (excusing exhaustion after state post-conviction petition lingered in state court for 40 months without any progress); *Wojtczak,* 800 F.2d at 354 (excusing exhaustion after 33–month delay, where multiple court-appointed attorneys failed to prosecute the appeal, and the state court failed to conduct any hearing).

We are confident that the Appellate Division will continue its efforts to resolve Taylor's appeal in a timely manner. Accordingly, we will affirm. Taylor's motion for expedited disposition of his appeal is denied.[2]

---

**2.** We note that the motion to expedite was filed after the Clerk advised Taylor that this matter would be submitted pursuant to Rule 34.1(a) on March 23, 2010. The motion and the Clerk's letter apparently crossed in the mail.

