**\*RESUBMIT DLD-020**                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3214
_____

GARY LEE GERBER, JR.,
                                        Appellant

v.

DAVID VARANO, Superintendent; PA STATE ATTORNEY GENERAL;
DISTRICT ATTORNEY OF LUZERNE COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-00818)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action Pursuant to Third Circuit
L.A.R. 27.4 and I.O.P. 10.6 and on Appellant's Request for a
Certificate of Appealability Under 28 U.S.C. § 2253(c)(1)
October 25, 2012

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: January 30, 2013 )
_____

OPINION
_____

PER CURIAM

Gary Lee Gerber, a Pennsylvania prisoner, appeals from the District Court's order

dismissing his 28 U.S.C. § 2254 habeas corpus petition as unexhausted.  For the

following reasons, we will vacate the District Court's order and remand for further proceedings.

## I.

Following a jury trial, Gary Lee "Muffin" Gerber was found guilty on April 23, 2008, in the Court of Common Pleas of Luzerne County on receiving-stolen-property and conspiracy charges. He was sentenced to a net maximum term of six years of incarceration. Gerber pursued a direct appeal, which was discontinued in September 2008 and was followed by a counseled Post Conviction Relief Act (PCRA) petition filed in September 2009.

With the PCRA petition still pending in state court, Gerber filed this federal habeas petition in May of 2012. In it, he appeared to raise claims of ineffective assistance of counsel similar to those he raised in his state PCRA petition. Gerber also requested that the District Court excuse exhaustion of state remedies pursuant to 28 U.S.C. § 2254(b)(1)(B), because his PCRA petition had "been before the Luzerne County Court of Common Pleas without disposition for 32 months." In the alternative, Gerber asked the District Court to hold his petition in abeyance, so as to preserve his federal filing date; he worried that meeting the one-year deadline of 28 U.S.C. § 2244(d)(1) would be difficult given the time that elapsed before his PCRA petition had been filed and further observed that, if his state sentence expired, he "cannot achieve relief of any kind under the PCRA, whether the PCRA be filed timely or not." Mem. ¶ 5, ECF No. 1-1.

Prior to serving the habeas petition on the named respondents, the District Court "checked the docket sheet for Petitioner's related state case on the Pennsylvania Unified Judicial System's webportal," and in so doing observed that "in an entry dated April 16, 2012, a PCRA hearing has been scheduled for June 8, 2012." Order 2, ECF No. 7. Thus, because it appeared that the state courts were finally moving on Gerber's PCRA petition, the District Court requested that the respondents apprise it of the current procedural posture of the state proceedings. By the time the Commonwealth responded, the PCRA petition had been denied in the trial court on the merits and an appeal had been lodged in the Superior Court.[1] Relying on Circuit precedent, the District Court determined that the resumption of state proceedings negated concerns over delay; therefore, because federal review was "not appropriate . . . at this time," and because the possible expiration of Gerber's sentence did not otherwise excuse the exhaustion requirement, the District Court dismissed the petition without prejudice for failure to exhaust. Gerber v. Varano, No. 1:12–CV–00818, 2012 WL 3061756, at *2–4 (M.D. Pa. July 26, 2012). The District Court did not reach Gerber's alternative request that it hold the case in abeyance.

Gerber timely appealed and filed an application for a certificate of appealability (COA). We previously directed the parties to show cause "why this matter should not be summarily remanded for the District Court to address whether Gerber's petition should be held in abeyance pending the completion of his state-court collateral attacks on his

---

[1] As of the time of writing, that appeal is still pending. See 1294 MDA 2012.

conviction." Gerber has responded; the Commonwealth has not. Regardless, the matter is now ripe for our review.

II.

Before an appeal may be taken from a "a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," either the District Court or this Court must first issue a COA, see 28 U.S.C. § 2253(c)(1)(A)—a step that the Supreme Court recently reaffirmed to be a jurisdictional prerequisite to appeal. See Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641, 649 (2012). When a District Court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s]," as is the case here, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Since its holding in Slack, the Supreme Court has not elaborated upon the precise showing necessary to "state[] a valid claim of the denial of a constitutional right"; however, we recently reaffirmed that we are required to make a "threshold inquiry regarding" the petitioner's constitutional claims when the merits have not been addressed below. Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 393 (3d Cir. 2011), cert. denied, 132 S. Ct. 2430 (2012); see also id. at 392–93 & n.9 (emphasizing that the COA stage does not require a showing that the petitioner will ultimately prevail); United States v. Brooks, 230 F.3d 643, 646 (3d Cir. 2000) (noting

4

that a court may grant an application for a COA when "the issue is procedural and the underlying petition raises a substantial constitutional question").[2]

We conclude that Gerber has satisfied the <u>Slack</u> standard. Because the District Court did not address Gerber's alternative requests for relief, jurists of reason could debate the Court's decision to dismiss his petition as unexhausted. And on the minimal record below, we conclude that he has stated a valid, cognizable, and *potentially* meritorious ineffective assistance of counsel claim. Accordingly, Gerber's request for a COA is granted on the procedural question of whether dismissal without prejudice for failure to exhaust was appropriate; we therefore have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and conduct plenary review of the District Court's exhaustion analysis. <u>See</u> <u>Holloway v. Horn</u>, 355 F.3d 707, 713 (3d Cir. 2004). Summary action is appropriate when an appeal presents no substantial question. <u>See</u> <u>Murray v. Bledsoe</u>, 650

---

[2] Although we engaged in a lengthy review of the merits in <u>Pabon</u>, <u>see</u> <u>id.</u> at 393–98, such a showing by the petitioner is not always necessary to satisfy the threshold merits-in-procedural-COA inquiry; that Pabon's case was found to meet the <u>Slack</u> standard does not mean that *all* procedural COA determinations require the level of factual analysis undertaken in <u>Pabon</u>. <u>Cf.</u> <u>Slack</u>, 529 U.S. at 484 ("[A] COA should issue when the prisoner shows, *at least*, that jurists of reason would find it debatable . . . .") (emphasis added). Elsewhere, we have emphasized that our review at the COA stage is but preliminary, <u>see</u> <u>Goldblum v. Klem</u>, 510 F.3d 204, 214 (3d Cir. 2007), and while our sister Circuits disagree somewhat on the level of merits scrutiny required, they generally concur that a threshold level of review is appropriate—especially when, as here, only minor development of the record has occurred below. <u>See, e.g.</u>, <u>Fleming v. Evans</u>, 481 F.3d 1249, 1259 (10th Cir. 2007) (determining whether petitioner has "facially alleged" a constitutional claim); <u>Mateo v. United States</u>, 310 F.3d 39, 40 (1st Cir. 2002) (addressing whether constitutional claim is "colorable"); <u>see also</u> <u>Houser v. Dretke,</u> 395 F.3d 560, 562 (5th Cir. 2004) ("If [the District Court] materials are unclear or incomplete, then [a]

F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

On what it *did* decide, the District Court was undoubtedly correct. In habeas cases arising out of state convictions and sentences, exhaustion is only excused in extraordinary circumstances, such as when there has been "inexcusable or inordinate delay" in the relevant state proceedings. See Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986). "The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement," Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002); and, even in situations of extreme delay, the resumption of state proceedings counsels against further federal adjudication of a pending habeas petition, cf. id. The District Court found the delay here to be approximately 32 months, and observed further that state proceedings had resumed. It thus correctly concluded that exhaustion was not excused.

A separate question is raised, however, on whether stay and abey would have been appropriate, and the District Court failed to address this matter in issuing its opinion. Stay and abey is available even when a petitioner has exhausted none of the claims in his petition. Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009). In determining whether a stay should be granted, a Court must consider three main factors: a showing of good cause, the presence of potentially meritorious claims, and the presence or absence of

---

COA should be granted, and the appellate panel, if it decides the procedural issue favorably to the petitioner, may have to remand the case for further proceedings.").

6

intentionally dilatory tactics. Rhines v. Weber, 544 U.S. 269, 277–78 (2005). For the following reasons, we conclude that it is appropriate to remand to the District Court for further analysis of the stay question.

In his petition, Gerber argued that staying his federal petition was appropriate on two "good cause" grounds. First, he claimed that his PCRA petition was filed 364 days after the conclusion of his direct-appeal proceedings, which would—if the PCRA petition is eventually denied—leave him with only one day to lodge a federal habeas petition. See 28 U.S.C. § 2244(d)(2) (tolling the one-year federal filing deadline while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). In Heleva, we observed that the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the "good cause" determination from Rhines. See Heleva, 581 F.3d at 192–93 & n.3. Second, Gerber argues that if he fully serves his state sentences, and ceases to be "in custody," he may lose the ability to pursue *either* state or federal postconviction remedies. There is some merit to his concern. Under Pa. Cons. Stat. § 9543(a)(1)(i), PCRA relief only extends to those "currently serving a sentence of imprisonment, probation or parole for the crime" attacked. See Commonwealth v. O'Berg, 880 A.2d 597, 599 (Pa. 2005). The completion of a sentence renders PCRA relief unavailable, regardless of the collateral consequences of those sentences. Commonwealth v. Hart, 911 A.2d 939, 942 (Pa. Super. Ct. 2006) (collecting cases). By contrast, the federal "in custody" requirement simply looks to the date that the petition is

filed, and completion of a prisoner's sentence does not moot the petition. Leyva v. Williams, 504 F.3d 357, 363, 368 n.16 (3d Cir. 2007). If, during the pendency of PCRA proceedings, Gerber is released from prison and is not otherwise in custody, the state courts may deem his PCRA petition moot and he might not continue to be "in custody" for the purposes of filing a separate federal habeas petition.

Because the concerns above implicate questions of fact and matters of discretion, as well as issues of law, the District Court is best positioned to determine whether they combine with the other Rhines factors to counsel in favor of a stay. See Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 159 (3d Cir. 1998) (stating that "[w]hen the resolution of an issue requires the exercise of discretion or fact finding," and the trial court did not reach the issue, "it is inappropriate and unwise for an appellate court" to do so in the first instance). Thus, as in Heleva, we will commit the inquiry to the District Court for analysis in the first instance.

## IV.

In sum, because the District Court did not decide whether stay and abey would be appropriate in this case, we will vacate its order and remand for further proceedings. In conducting its Rhines analysis, the Court should consider the two concerns we highlighted above, along with such other factors as may prove relevant.[3]

---

[3] Should Gerber's sentence run its course in the meantime, the District Court would then be tasked with determining whether the federal petition should nevertheless proceed. We note that, in Leyva, we concluded that the completion of a prisoner's sentence, which terminated his state collateral attacks, did *not* constitute a procedural default of

constitutional claims because it was outside of the prisoner's control. <u>Leyva</u>, 504 F.3d at 369. Alternatively, should Gerber's PCRA petition be conclusively decided adverse to his interests before the District Court has a chance to rule, the Court should consider anew whether Gerber's claims have been exhausted.