ALD-352                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2826
_____

IN RE: FRANKLIN X. BAINES,
                                                    Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 2-12-cv-05672)
District Judge: Joseph F. Leeson

_____

Submitted Pursuant to Fed. R. App. Pro. 21

July 21, 2016
Before: AMBRO, SHWARTZ, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 27, 2016)
_____

OPINION*
_____

PER CURIAM

Franklin X. Baines petitions pro se for a writ of mandamus. For the reasons that

follow, we will deny the petition.

Baines is serving a life term of imprisonment with no possibility of parole for a

conviction for second degree murder. On October 3, 2013, we granted Baines'

application to file a second or successive habeas corpus petition, <u>see</u> In re: Pendleton, 732

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

F.3d 280 (3d Cir. 2013) (holding that petitioners made prima facie showing that Miller v. Alabama, 132 S. Ct. 2455 (2012), is retroactive to cases on collateral review).[1] On October 22, 2013, David R. Fine, Esquire, entered his appearance on Baines' behalf in the habeas corpus proceedings in the District Court. On January 31, 2014, the District Court stayed the matter in light of Songster v. Sec'y, Pa. Department of Corrections, C.A. No. 12-3941, which concerned Miller's retroactivity, but, on January 27, 2016, the Supreme Court held in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), that Miller is indeed retroactive to cases on collateral review.

Accordingly, on February 5, 2016, the District Attorney of Philadelphia filed a response in Baines' and numerous other petitioners' habeas corpus cases acknowledging the holding in Montgomery and asserting that Pennsylvania authorities would in response vacate each of the petitioners' sentences (including Baines) and resentence them in a manner compliant with Miller and Montgomery. The District Attorney explained that there are several hundred prisoners from Philadelphia who are eligible for resentencing, that the state was in the process of identifying those individuals, and that once the eligible prisoners have been identified, the resentencing process will begin. The District Attorney argued that Baines and each of the other petitioners were required to exhaust their administrative remedies in the wake of Montgomery, that there is an available state remedy through the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, et seq., and that the Commonwealth was "actively designing a streamlined process to identify all

---

[1] In Miller, the Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment. Id. at 2460. Baines alleges that he was sixteen years old at the time of his crime.

eligible defendants, vacate their current sentences, and proceed to a compliant sentencing process." Commonwealth's Memorandum of Law, at 2. The District Attorney asserted that individuals at the Public Defenders' Office and at the District Attorney's Office "have been working quickly to identify all eligible prisoners" and "[a]ll of these defendants' claims will be addressed by the state court…. The acceptance and review of the PCRA petition will be part-and-parcel to the larger resentencing proceedings that will be occurring in state court." Id. at 4. Last, the District Attorney asserted that the Commonwealth was attempting to prioritize the numerous cases by identifying the prisoners who are most likely to be eligible for immediate parole, noting that some were convicted more than 45 years ago, whereas others were more recently convicted.

In reply to the District Attorney's response conceding that Baines was entitled to be resentenced, Baines' pro bono counsel urged the District Court not to dismiss Baines' habeas corpus petition for failure to exhaust, but instead to stay it pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Counsel argued that Baines' unexhausted Miller claim was meritorious, that he had filed his PCRA petition raising a Miller claim just two weeks after Miller was announced, and that the petition remained pending in state court. Counsel argued that a stay rather than dismissal without prejudice was warranted because Baines has been incarcerated for nearly 39 years -- on a sentence that is now indisputably unconstitutional -- and if the Court of Common Pleas does not act with reasonable promptness to provide relief, Baines should have ready access to the District Court to ask that it enforce the Supreme Court's Miller holding. Then, on May 2, 2016, counsel

3

moved to withdraw, citing irreconcilable differences with Baines. That motion remains pending.

Baines has since filed numerous items pro se in the District Court, including "Admissions and Interrogatories" and a "Motion For Judgment/Summary Judgment." In addition, Baines filed a petition for writ of mandamus in this Court, claiming that the Commonwealth has neither responded to his request for admissions nor answered his interrogatories, that the Magistrate Judge assigned to his case has not yet issued a Report and Recommendation on his motion for summary judgment, and that there is an absence of an available State corrective process in his case, see 28 U.S.C. § 2254(b)(1)(B)(i), such that he is entitled to move forward with his habeas corpus petition in federal court. He seeks an order directing the District Court to excuse the exhaustion requirement in his case and proceed with a decision on the merits of his Miller claim.

We will deny the petition for writ of mandamus because the requirements for mandamus relief are not met at this time. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that we grant only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

"A state prisoner must exhaust his state court remedies before a federal court may grant him habeas relief." Lambert v. Blackwell, 387 F.3d 210, 231 (3d Cir. 2004). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Furthermore, a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State … if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan, 526 U.S. at 845.

Baines has not shown that there is an absence of a State remedy in his case such that exhaustion of his Miller claim should not be required. On the contrary, the District Attorney has assured the District Court that Baines has a meritorious Miller claim, a pending PCRA petition which will result in an order directing that he be resentenced, and that priority will be given to those prisoners, like Baines, who are most likely to be immediately eligible for parole given the amount of time they have already served on their life sentences. Baines does not dispute that he has a pending PCRA petition, and he does not allege significant or unusual delay in his state case, given that Montgomery was not decided until January of this year. His federal habeas corpus case should thus be stayed pursuant to Rhines, just as his counsel (who has not yet been granted leave to withdraw) argued to the District Court.[2] With a Rhines stay in place, if the Philadelphia Court of Common Pleas does not act with reasonable promptness to provide relief,

_____

[2] Baines' habeas corpus case is no longer stayed pursuant to Songster because the mandate issued in that appeal on April 6, 2016.

Baines will have ready access to the District Court to ask that it enforce the Supreme Court's holding in <u>Miller.</u>  At this time, however, Baines has not shown that his pending PCRA petition is not an adequate means to obtain the relief desired.  It necessarily follows that, because his case should be stayed pursuant to <u>Rhines</u>, Baines is not entitled to a response to his discovery requests nor is he entitled to a decision on his motion for summary judgment.

For the foregoing reasons, we will deny the petition for writ of mandamus.