DLD-076                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3526
_____

IN RE: FRANKLIN X. BAINES,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 2-12-cv-05672)
District Judge: Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Fed. R. App. Pro. 21
December 14, 2017

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed: December 19, 2017)
_____

OPINION*
_____

PER CURIAM

        Franklin Baines petitions pro se for a writ of mandamus.  For the reasons that

follow, we will deny the petition.

        Baines is a Pennsylvania state prisoner serving a life sentence with no chance for

parole for a murder he committed at the age of 16.  As such, he has a right to be

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

resentenced in state court under Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).[1] Baines has now served 40 years in prison. His Miller claim is presently pending before the Philadelphia Court of Common Pleas in a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541, et seq. He also raised his Miller claim in a habeas corpus petition, 28 U.S.C. § 2254, which is pending in the United States District Court for the Eastern District of Pennsylvania. In an order dated March 24, 2017, the Magistrate Judge assigned to Baines' federal case stayed federal proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005),[2] to allow him to exhaust his Miller claim in state court. See 28 U.S.C. § 2254(b)(1)(A) (An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State[.]").

The District Attorney of Philadelphia has made an offer of a new sentence to Baines of 40 years' to life imprisonment, an offer that would make him immediately eligible for parole. The offer has been conveyed to Baines' PCRA counsel, Susan Ricci, Esquire, of the Defender Association of Philadelphia. Baines is not interested in the offer, although it is not clear whether his PCRA counsel formally has rejected the offer or made a counter-offer. Baines, who is proceeding pro se in federal court after his court-

---

[1] In Miller, the Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment. Montgomery made Miller retroactive to cases on collateral review.

[2] Under Rhines, a District Court has the discretion to stay a habeas corpus petition to allow a petitioner to exhaust a claim in state court. 544 U.S. at 277-78. Stays are proper only when the unexhausted claim is not "plainly meritless" and there exists "good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

2

appointed attorney was allowed to withdraw, filed numerous motions seeking to lift the Rhines stay and to be excused from the exhaustion requirement. Although the relief he seeks in the District Court is not clear, he may be seeking a writ directing the state court to grant him an immediate sentencing hearing. In an order dated November 17, 2017 and filed on the civil docket on November 20, 2017, see Docket Entry No. 54, the Magistrate Judge denied the motions and declined to lift the stay. In the margin, the Magistrate Judge noted that state court proceedings are moving forward without undue delay that Baines has been in custody for 40 years, and that, under the sentence offered by the Commonwealth, he would become parole eligible immediately upon resentencing.

On November 20, 2017, Baines filed a petition for writ of mandamus in this Court, his second such petition in the last two years, see In re: Baines, 658 F. App'x 159, 162 (3d Cir. 2016) ("At this time … Baines has not shown that his pending PCRA petition is not an adequate means to obtain the relief desired."). In it he argues that the Commonwealth is engaging in "subterfuge" in order to deny him relief. It appears from his moving papers that Baines is trying to press, pro se, a claim in state court that his plea was involuntary and that this may be part of the reason why he will not accept the Commonwealth's offer. We note further that Baines appears to be seeking in state court to dismiss his PCRA counsel.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) ... jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that we grant only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this

3

extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

An application for a writ of habeas corpus shall not be granted unless that applicant has exhausted state court remedies, or "there is an absence of available State corrective process;" or "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). "[I]nexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986). When such delay renders the state remedy ineffective to protect the rights of the petitioner, we have excused exhaustion. Id. at 355-56 (remanding petition for consideration on merits after prisoner's state claim for post-conviction relief had not progressed for thirty-three months and petitioner was not responsible for delay). See also Lee v. Stickman, 357 F.3d 338, 343-44 (3d Cir. 2004) (exhaustion excused where petitioner's post-conviction petition had been pending before the state courts for almost eight years).

Here, however, there is an offer of a new sentence by the Commonwealth, which would make Baines immediately eligible for parole. This is real progress and thus the District Court may stay its hand, see Christin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002) (instructing that, even where there has been excessive delay, district courts should "stay their consideration of habeas petitions when previously stalled state proceedings resume"). The Rhines stay entered by the Magistrate Judge appears appropriate to us in Baines' federal case because state proceedings are moving toward a decision. We thus

4

conclude that Baines has not shown a clear and indisputable right to mandamus relief from the exhaustion requirement, see Haines, 975 F.2d at 89. We note that Baines's PCRA counsel has not sought to have the PCRA proceedings expedited. Moreover, Baines' meritorious Miller claim does not entitle him to challenge his guilty plea; rather, he is entitled only to be resentenced.

Last, Baines filed a notice of appeal from the Magistrate Judge's order refusing to lift the Rhines stay, see Docket Entry No. 56. Absent consent of the parties to proceed before a Magistrate Judge, appeal of an order issued by a Magistrate Judge is to a District Judge. 28 U.S.C. § 636(b)(1) & (c)(1). Here, the District Court may review and reconsider the Magistrate Judge's order if Baines can show "that the … order is clearly erroneous or contrary to law," id. at § 636(b)(1)(A). Although this standard for reversing the Magistrate Judge is demanding, it is less onerous than the mandamus "clear and indisputable right to the writ" standard. Thus, our decision to deny Baines' mandamus petition does not act as a constraint on the District Court should it wish to fashion some relief, though we take no position on the merit of arguments that Baines has made, beyond our determination that they do not merit mandamus relief.

For the foregoing reasons, we will deny the petition for writ of mandamus.